UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edy L., | File No. 26-cv-65 (ECT/DTS) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

David L. Wilson and Olivia Anderson-Petroske, Wilson Law Group, Minneapolis, MN, for Petitioner Edy L.

Ana H. Voss and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

Petitioner Edy L. is a Guatemalan citizen who has lived in the United States without authorization since 2019,[1] when he entered the country without inspection. *See* Pet. [ECF No. 1] ¶¶ 13, 27–28; ECF No. 1-1 at 1. On May 20, 2019, United States Border Patrol ("USBP") encountered Edy at or near Hidalgo, Texas. ECF No. 6 ¶ 8. On May 26, 2019, USBP issued Edy a Form I-862 Notice to Appear, stating that Edy was subject to removal from the United States under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (codified under 8 U.S.C. § 1182(a)(6)(A)(i)). *See id.* ¶ 9; ECF No. 1-1. The Notice to Appear identified Edy as "an alien present in the United States who has not been admitted or paroled." ECF No. 1-1 at 1. The box on the form for "arriving alien" was not checked. *See id.* Edy was released "under supervision or his own recognizance." Pet. ¶ 30; *see* ECF No. 6 ¶ 9. On May 27, 2020, Edy filed an Application for Asylum and for Withholding of Removal, *see* ECF No. 6 ¶ 10, but the status of the asylum application has not been provided. On or about January 6, 2026, Edy was detained in Minnesota. Pet. ¶ 32. "At the time of his detention, [Edy] had a valid employment authorization document." *Id.* ¶ 33. "On January 7, 2026, [Edy] was transferred to El Paso Camp East Montana in El Paso, [Texas] for bed space decompression." ECF No. 6 ¶ 11. "At the time of the transfer, [Immigration and Customs Enforcement/Enforcement and Removal Operations] was not aware of any habeas that was filed nor any requests to not be transferred." *Id.* It is

---

[1] "ICE first encountered [Edy] on June 8, 2011, at the Riverside Regional Jail in Hopewell, [Virginia]." *See* ECF No. 6 ¶ 5. On May 23, 2013, an immigration judge in Arlington, Virginia, granted him voluntary departure, and on September 23, 2013, Edy departed the United States. *See id.* ¶¶ 6–7. Respondents do not argue that Edy's prior entry into the United States affects the legal analysis here.

undisputed that Edy has no criminal history that would subject him to mandatory custody under 8 U.S.C. § 1226(c). *See* Pet. ¶¶ 34, 37.

Here, Edy challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 8. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). *Id.* ¶¶ 2, 41–63, 72–80; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Edy, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations. *See* Pet. ¶¶ 72–80, 86–94. He seeks a declaration that his detention absent a bond hearing violates the Due Process Clause of the Fifth Amendment; issuance of a writ of habeas corpus ordering Respondents to release him from custody or set a bond hearing for him pursuant to 8 U.S.C. § 1226(a); an order enjoining his removal or transfer out of the District of Minnesota during the pendency of this case; and an award of attorneys' fees and costs. Pet. at 24.

Respondents argue that the petition fails on the merits as a matter of statutory interpretation.[2] ECF No. 5 at 3–8. Courts in this District have repeatedly considered and rejected Respondents' argument, and it will be rejected here as well.

---

[2] Respondents do not challenge this Court's subject-matter jurisdiction to consider Edy's petition. *See* ECF No. 5. Nonetheless, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

Edy has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of January 10, 2026, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, No. 25-3050, 2025 WL 3552514, at *8–10 (7th Cir. Dec. 11, 2025). Edy has lived in the United States for over six years. His detention falls under § 1226 and not § 1225(b)(2). *See* ECF No. 1-1 at 1 (stating that Edy is an "alien present in the United States who has not been admitted or paroled").

For these reasons, Edy is subject to discretionary detention and entitled to a bond hearing.[3]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Edy L.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.  The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2.  Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 13, 2026　　　　　　　　　s/ Eric C. Tostrud
　　　　　　　　　　　　　　　　　　　　Eric C. Tostrud
　　　　　　　　　　　　　　　　　　　　United States District Court

---

[3]　Though Edy alternatively requests release, *see* Pet. at 24, that will not be granted. Edy's regulatory arguments will not be addressed.